UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHONDA DARLENE McCULLAR, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CASE No. 13-CV-52-FHM |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| DEFENDANT. | ) |

## OPINION AND ORDER

Plaintiff, Rhonda Darlene McCullar, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d

842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff Rhonda Darlene McCullar's applications were denied initially on October 23, 2006, and upon reconsideration.  A hearing was held before Administrative Law Judge Lantz McClain on April 14, 2008.  By decision dated July 14, 2008, the ALJ entered the findings which were the subject of a prior appeal.  The Appeals Council denied Plaintiff's request for review on August 25, 2008.  Plaintiff appealed the ALJ's decision in *McCullar v. SSA,* Case No. 4:09-cv-440-GKF-TLW (N.D. Okla. Feb. 15, 2011) and the case was reversed and remanded for further proceedings.  On remand a hearing was held before ALJ Gene M. Kelly on July 7, 2011.  The ALJ ordered the vocational expert (VE) to conduct further research which resulted in a supplemental hearing held on January 19, 2012.

Plaintiff was granted disability benefits effective July 15, 2008 on a subsequent application not involved in this appeal.  By decision dated February 24, 2012, ALJ Kelly found that Plaintiff was not disabled from her alleged onset date of December 13, 2005 through July 14, 2008 and entered the findings which are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on November 30, 2012.  The decision of the Appeals Council represents the Commissioner's final

decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

Plaintiff was 51 years old on the alleged date of onset of disability and 57 years old on the date of the ALJ's denial decision. [R. 453-69].  She has a high school education and past work experience includes hand packager, palletizer, scraper, and fast-food worker. Plaintiff claims to have been unable to work since December 13, 2005 due to a pinched nerve, chronic obstructive pulmonary disease, tendinitis in left arm, left shoulder rotator cuff problems, plantar fasciitis, and back pain.  [R. 151-56, 161, 169-70, 764].

## The ALJ's Decision

The ALJ determined that Plaintiff has severe impairments relating to shortness of breath; shoulders; back; hip; hands; wrists; knees; ankles; feet; depression; and anxiety. [R. 456].  Further, the ALJ found that Plaintiff has a history of alcohol use, however, this impairment appears nonsevere.  The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform light[1] work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations:

> The claimant was able to lift and carry up to twenty pounds with the left upper extremity, and lift and carry up to ten pounds with the right upper extremity.  The claimant was able to stand and walk for six hours of an eight-hour workday, but she had to stand and walk at two-hour intervals.  She was able to sit for six hours in an eight-hour workday, but she had to sit at four-hour intervals.  She was occasionally able to climb, bend, stoop, squat, kneel, crouch, crawl, push/pull, operate foot

---

[1] Pursuant to CFR § 404.1567, light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

>controls, and reach overhead with the left upper extremity. She had a slight limitation in fingering, feeling, and gripping, such that she was able to use her hands and fingers to work with, but should not have done extensive amounts of small, tedious tasks with her hands and fingers.  She should have avoided a cold working environment. She should have avoided dusts, fumes, and gases.  She was limited to simple, repetitive, routine work; this limited both stress and content of work.  She had slight limitation in contact with the public, coworkers, and supervisors.  Contact with the public and coworkers should have been brief and cursory, but it could have been repetitive, and she should not have been an integral member of a team that participated in goal setting or process planning.  There was no restriction on routine, ordinary supervision.  The claimant was afflicted with symptomatology from a variety of sources, that produced mild to moderate chronic pain of sufficient severity to be noticeable to her at all times, but she was able to remain reasonably alert to perform required functions in the work setting.  She took medications for relief of her symptomatology, but was able to remain reasonably alert to perform required functions in the work setting.

[R. 458].   Though Plaintiff is unable to perform her past relevant work and her ability to perform work at all exertional levels is limited, the ALJ determined, based upon the testimony of the vocational expert, that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations.  [R. 32].  Accordingly, the ALJ found Plaintiff was not disabled.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ: 1) failed to make a proper residual functional capacity determination; and 2) failed to meet his burden at step five.

## **Analysis**

### Residual Functional Capacity Determination

Plaintiff argues that the ALJ erred in finding she was capable of performing light work. Plaintiff contends that she was limited to sedentary work, which, based upon the Medical Vocational Guidelines (Grids), 20 C.F.R. Pt. 404, Subpt. P. App. 2, would warrant a finding of disabled. [Dkt. 18, p. 7].[2]

Plaintiff bases her argument on the August 4, 2004 restrictions placed on her by orthopedic surgeon, Dr. Battenfield who stated Plaintiff has a permanent lifting restriction of no more than ten pounds with no pushing and pulling of controls over 20 pounds with the right hand. Plaintiff also states that Dr. Battenfield instructed her to wear a wrist brace at all times. [Dkt. 18, p. 4; R. 222].

The ALJ accepted Dr. Battenfield's restrictions pertaining to Plaintiff's right hand and incorporated those into the RFC by limiting Plaintiff to lifting and carrying up to 10 pounds with the right arm. [R. 458]. The ALJ did not consider the wrist splint a "functional" limitation in addition to the lifting restriction but noted the RFC contains limitations in Plaintiff's ability to finger, feel, and grip. The court finds that the ALJ's lifting and carrying restrictions are supported by substantial evidence. [R. 461].

According to Plaintiff, her claim that she is limited to sedentary work is demonstrated by the fact that in a June 21, 2010 decision a different ALJ determined that, as of July 15,

---

[2] The Grids are matrices of four factors– physical ability, age, education, and work experience. The Grids set forth rules that identify whether jobs requiring specific combinations of those factors exist in significant numbers in the national economy. *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting *Heckler v. Campbell,* 461 U.S. 458, 461-62, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). When all factors coincide with the criteria of a Grid Rule, then the ALJ can rely on the Rule to establish the existence of jobs. 20 C.F.R. Pt. 404, Subpt. P. App. 2, 200(b).

2008, she was limited to performing sedentary work. [R. 426-430]. The 2010 disability decision was based on the consultative examination performed by Dr. Patrice Wagoner. Plaintiff states that since an examination performed by orthopedic surgeon Bryan Hawkins contained similar findings, the ALJ in this case should also have found Plaintiff disabled. The court finds that the ALJ in the present case appropriately discussed Dr. Hawkins' findings. [R. 461]. The ALJ incorporated the work-related functional limitations flowing from those findings into the RFC by limiting Plaintiff to standing for two hour intervals. [R. 458, 461]. The court views Plaintiff's arguments about Dr. Wagoner's findings to be an invitation to engage in impermissible reweighing of the evidence. As the Tenth Circuit has instructed, the court must decline that invitation. *See Rabon v. Astrue*, 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

Plaintiff also argues that the ALJ should have considered the February 18, 2004 opinions of physical therapist, Marilyn Been when formulating the RFC assessment. Ms. Been stated that based on Plaintiff's floor to knuckle lift of ten pounds, she was situated in the sedentary range of work activity. [R. 232-234]. The court finds that the ALJ did consider Ms. Been's report, which pre-dated the alleged disability onset date of December 13, 2005, as it was incorporated into the ALJ's discussion of the opinion of Plaintiff's treating orthopedic surgeon, Dr. Battenfield. The ALJ did not refer to Ms. Been by name, but made note of the evaluation, as follows:

> After the functional capacity evaluation, shown at Exhibit 1F, pages 8-17,[3] on August 4, 2004, Dr. Battenfield dismissed the claimant from care with permanent restrictions. He indicated no further treatment was warranted. Dr. Battenfield's permanent restrictions consisted of no lifting over ten pounds with the right hand, or pushing or pulling over twenty pounds. Dr. Battenfield also indicated the claimant was to wear her left wrist splint at all times. (Exhibit 1F, page 2).[4]

[R. 460]. The court finds no error in the ALJ's treatment of Ms. Been's report.

The RFC limitations are consistent with the findings of Plaintiff's physicians, Drs. Kevin M. Dukes, M.D., David Nonweiler, M.D., and Bryan Hawkins, M.D., [R. 839-51; 326-27; 321-342], who treated and/or examined Plaintiff for shoulder and hand pain. The ALJ found these opinions well supported by medically acceptable clinical and laboratory diagnostic techniques including a normal EMG and nerve conduction study performed on June 24, 2005, [R. 335-339], normal EMG of Plaintiff's bilateral upper extremities performed on June 1, 2005, [R. 840-842], and a magnetic resonance imaging (MRI) of Plaintiff's shoulder performed on April 11, 2005 which was unremarkable. [R. 847].

Further, nothing more than conservative treatment was recommended by three of Plaintiff's treating physicians, Drs. Battenfield, Dukes, and Hawkins, at the time she was released from their care. [R. 222, 329-30, 845]. In addition, the ALJ properly discussed the medical record, [R. 461-466], and considered testimony from Plaintiff regarding her impairments, [R. 35-45, 489-499], and activities of daily living which include the ability to care for her personal needs, drive a car, mow the lawn, cook simple meals, do household chores such as sweeping and mopping, and watch television. [R. 46-50, 180-182, 499-

---

[3] Exhibit 1F, pages 8-17 is found in the Administrative Record, [R.], at pages 228-37.

[4] Exhibit 1F, page 2 is found in the Administrative Record at page 222.

502]. The court finds that the ALJ's RFC finding is supported by substantial evidence.

Plaintiff also argues that the ALJ erred in assessing her credibility. The court finds that the ALJ considered appropriate factors in evaluating the credibility of Plaintiff's allegations of disability. Further, he recited what specific evidence he relied on in considering those factors, as required by *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). Plaintiff essentially disagrees with the weight the ALJ gave to the relevant factors. However, the court may not reweigh the evidence on appeal. The ALJ set forth the specific evidence he relied upon, applied the correct legal standards in evaluating Plaintiff's subjective allegations of pain, and his determination on this matter is supported by substantial evidence in the record.

## Step Five Determination

Plaintiff asserts that the ALJ failed to meet his burden at step five because the ALJ's hypothetical question and RFC assessment do not include limitations on Plaintiff's ability to handle stress. [Dkt. 18, p. 8]. Plaintiff's contention is without merit. Hypothetical questions need only reflect impairments and limitations that are borne out by the evidentiary record. *Decker v. Chater,* 86 F.3d 953, 955 (10th Cir.1996). In posing a hypothetical question, the ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. See *Kepler v. Chater*, 68 F.3d 387, 392 (10th Cir. 1995) (citing *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) (stating that the ALJ is not bound by the vocational expert's opinion in response to a hypothetical question which includes impairments that are not accepted as true by the ALJ). The record reflects that Plaintiff was not treated for stress, nor was she prescribed medication. Psychiatric consultative examiner, Dr. Jeri Fritz, Ph.D. examined Plaintiff on July 26, 2006 and

8

noted:

> Ms. McCullar demonstrated the ability to understand, retain, and follow directions. Her attention and concentration were within normal limits, such that she would be able to perform simple, repetitive tasks. Her ability to relate to others, including co-workers and supervisors was estimated to be good. Her ability to handle the stress of day-to-day interactions was judged to be fair.

[R. 359-360]. Further, Dr. Janice B. Smith, Ph.D., who prepared the Psychiatric Review Technique (PRT) on behalf of the State on August 30, 2006 was of the opinion that Plaintiff:

> [H]eld the ability to understand, retain and follow directions. Attention and concentration were within normal limits. Claimant could interact appropriately with others and adapt to changes in the workplace. She should probably not be expected to handle stressful situations. Dx: Major Depression, Single Episode, Mild.

[R. 361-74]. The ALJ specifically addressed stress-related limitations in the hypothetical question to the vocational expert and in his RFC:

> [S]imple, repetitive, routine work; this limited both stress and content of work. She had slight limitation in contact with the public, coworkers, and supervisors. Contact with the public and coworkers should have been brief and cursory, but it could have been repetitive, and she should not have been an integral member of a team that participated in goal setting or process planning.

[R. 458, 512]. The RFC limitations of performing simple, repetitive, routine work, slight limitation in contact with public, coworkers and supervisors fully encompass the findings of the State agency examining and nonexamining physicians, Drs. Fritz and Dr. Janice B. Smith. [R. 361-74].

In response to a hypothetical question posed by Plaintiff's counsel that included

9

a "fair" ability to handle day-to-day stress and an inability to handle stressful situations, the vocational expert testified that a person with moderate limitations in handling stress could acquire, but could not maintain employment. Plaintiff argues that the ALJ erred in failing to adopt this testimony. [Dkt. 18, p. 8]. According to Plaintiff, the ALJ should have "included a more exactly stated limitation regarding stress in his hypothetical to the vocational expert. [Dkt. 18, pp. 8-9]. This contention has no merit.

The ALJ clearly stated the hypothetical question in terms of vocational factors, rather than the more nebulous terms "fair" and "moderate" contained in Plaintiff's counsel's hypothetical question. In posing a hypothetical question, the ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). In this case the ALJ's hypothetical question appropriately reflected the limitations that were borne out by the evidentiary record. *See Newbold v. Colvin*, 718 F.3d 1257, 1268 (10th Cir. 2013) (quoting *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996) and citing *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (stating the ALJ's hypothetical questions "must include all (and only) those impairments borne out by the evidentiary record").

Contrary to Plaintiff's assertion, the hypothetical posed to the vocational expert by the ALJ addressed the day-to-day stress. Taking into account her limitations, the vocational expert testified to a substantial number of jobs in the U.S. economy available to Plaintiff. The court finds the ALJ's conclusion based on the vocational expert's testimony is supported by substantial evidence.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 23rd day of January, 2014.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE